## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEREMIAH RICHARDSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-734-PRW |
| | ) | |
| ALLSTATE VEHICLE AND | ) | |
| PROPERTY INSURANCE COMPANY, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court are Plaintiffs Jeremiah and Elisabeth Richardson's Motion to Remand (Dkt. 19); Defendant Allstate Vehicle and Property Insurance Company's Response in Opposition (Dkt. 20); and Plaintiffs' Reply (Dkt. 21). Upon review, the Court **GRANTS** the Motion (Dkt. 19).

### *Background*

This case arises from an insurance dispute following hail and windstorm damage to Plaintiffs' home. Plaintiffs purchased an Allstate homeowners' replacement cost insurance policy through Allstate's captive agent, Jeff Farquhar, and his office, Farquhar Financial Group, LLC (collectively, "Agent"). Following wind and hail damage to their home in May of 2024, Plaintiffs submitted an insurance claim to Allstate. According to Plaintiffs, Allstate paid far below the actual cost of repairs, which should include the full replacement value of the roof. Allstate claims that total replacement is inappropriate because most of roof's damage was due to aging, not hail.

1

Plaintiffs believe that Allstate is engaged in a common scheme to deny or underpay Oklahoma insureds for wind and hailstorm damage. Agent allegedly assisted with this practice by selling insurance coverage to Plaintiffs without disclosing Allstate's bad faith tactics. Accordingly, on May 21, 2025, Plaintiffs filed a Petition against Defendants in Oklahoma County District Court. Plaintiffs accuse Allstate of (1) breach of contract, (2) breach of the duty of good faith and fair dealing, and (3) constructive fraud and negligent misrepresentation. Plaintiffs accuse Agent of (1) negligent procurement of insurance and (2) constructive fraud and negligent misrepresentation.

On July 2, 2025, Allstate removed this case to this court, arguing that Plaintiffs fraudulently joined Agents—the sole non-diverse defendants. On August 1, 2025, Plaintiffs moved to remand this case back to Oklahoma County District Court. The Motion to Remand (Dkt. 19) is now fully briefed.

### *Legal Standard*

Diversity jurisdiction requires a party to "show that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000."[1] Under the doctrine of fraudulent joinder, however, courts are to ignore a non-diverse defendant's citizenship if the defendant invoking the court's jurisdiction carries the "heavy burden" of showing either "(1) actual fraud in the pleading of jurisdictional facts," or, as is more

---

[1] *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004) (citation omitted).

2

common, "(2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[2]

"Where, as here, removal is based on the second prong, the removing party must demonstrate the non-liability of the defendant[s] alleged to be fraudulently joined with complete certainty."[3] Remand is required if any claim against a nondiverse defendant "is possibly viable."[4] The standard for showing fraudulent joinder is stringent because of (1) the presumption in favor of a plaintiff's right to select their forum and join tortfeasors,[5] (2) the presumption against the exercise of removal jurisdiction due to federalism concerns,[6]

---

[2] *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)).

[3] *Ford v. Liberty Mut. Ins. Co.*, No. CIV-19-925-G, 2020 WL 259554, at *2 (W.D. Okla. Jan. 16, 2020) (cleaned up and citation omitted); *see also Smoot v. Chi., R.I. & P. R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967).

[4] *Montano v. Allstate Indem.*, 211 F.3d 1278, at *2 (10th Cir. 2000). The Court cites unpublished decisions of the Tenth Circuit for their persuasive value, consistent with Tenth Cir. R. 32.1 and Fed. R. App. P. 32.1.

[5] *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d at 549–50 (9th Cir. 2018) ("The relative stringency of the standard accords with the presumption against removal jurisdiction, under which we strictly construe the removal statute, and reject federal jurisdiction if there is any doubt as to the right of removal in the first instance." (internal quotation marks and citation omitted)); *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (This strict approach to fraudulent joinder "makes sense given the law that absent fraudulent joinder, plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to a final determination." (internal citation and quotation marks omitted)).

[6] Removal jurisdiction must be "construe[d] . . . strictly because of the 'significant federalism concerns' implicated." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (internal citation and quotation marks omitted); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) ("Due regard for the rightful independence of state governments . . . requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the statute has defined." (citations and internal quotation marks omitted)).

and (3) the risk of a post-merits reversal for lack of jurisdiction. Accordingly, a challenged joinder may be considered non-fraudulent even when the predicate claim might not survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[7]

When considering whether an exercise of diversity jurisdiction pursuant to the fraudulent joinder doctrine is appropriate, courts resolves "all factual and legal issues . . . in favor of the plaintiff."[8] And courts may "look beyond the pleadings" and consider the entire record.[9] That the Court may pierce the pleadings, however, "does not mean that the federal court will pre-try . . . doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty."[10]

## Discussion

The Court finds that Allstate has failed to meet its heavy burden to show that there is no possibility of recovery against Agent on Plaintiffs' negligent procurement and constructive fraud claims. Here, Allstate must show "[the] inability of the plaintiff[s] to

---

[7] *See Montano*, 211 F.3d at *2 ("This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." (citation omitted)); *see also Grancare*, 889 F.3d at 549 ("A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined.").

[8] *Dutcher*, 733 F.3d at 988 (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)).

[9] *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (internal quotation marks omitted) (citing *Smoot*, 378 F.2d at 881–82).

[10] *Smoot*, 378 F.2d at 882 (internal quotation marks and citation omitted).

4

establish a cause of action against the non-diverse party in state court."[11] Thus, Plaintiffs need only establish at least one *possibly* viable claim against Agent.

Plaintiffs assert that Allstate is engaged in a widespread scheme to systematically deny or underpay Oklahoma insureds for wind and hailstorm damage.[12] Crucially, the alleged scheme begins when Allstate's captive agents impliedly represent to the insureds that their properties meet Allstate's underwriting guidelines in their present condition at the time of binding replacement cost insurance policies (either at inception of the policies or renewal).[13] Plaintiffs also assert that the agent was aware of the scheme and failed to disclose it when he sold, procured, and bound coverage on Plaintiffs' property.[14] Plaintiffs allege that they requested a policy from the agent that would fully replace their damaged property without exclusion of weather-related losses.[15] Plaintiffs argue that by procuring and binding the coverage without limitation, the agent "independently established, calculated, and set the Policy's replacement cost value and resultant policy limits."[16] This, per Plaintiffs, meant the captive agent "inherently conveyed that such coverage limit was accurate, correct, commensurate with actual replacement costs, and represented 100% of the Insured Property's insurance to value."[17] Plaintiffs claim they were never made aware

---

[11] Dutcher, 733 F.3d at 988.

[12] Compl. (Dkt. 1, Ex. 1), at 4.

[13] *Id.*

[14] *Id.* at 4–5.

[15] *Id.* at 20.

[16] *Id.* at 21.

[17] *Id.*

of Allstate's internal definitions of "hail damage," "wear and tear," and other related terms.[18] Plaintiffs ultimately allege that they were undercompensated for hail or wind damage to their properties.

Based on these allegations, Plaintiffs have alleged claims against Agent Farquhar for negligent procurement and constructive fraud and negligent misrepresentation. Plaintiffs detail instances of the agent's negligence in the Complaint, including by failing to confirm that their property met Allstate's underwriting guidelines, knowingly procuring and renewing coverage that was materially different from that which Plaintiffs requested and did not accurately reflect the replacement cost value of the property, misrepresenting that the property was in good condition, and misrepresenting that the policies would cover all weather-related losses.

Allstate argues that Plaintiffs cannot make out claims for negligent procurement[19] or negligent misrepresentation and constructive fraud[20] against the agent. Allstate attempts to cast doubt on the ability of Plaintiffs to show causation or damage in their claims by asserting the policies Plaintiffs purchased provided the level of coverage they originally

---

[18] *Id.* at 22.

[19] Under Oklahoma law, "an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Swickey v. Silvey Cos.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999).

[20] Under Oklahoma law, constructive fraud consists of "any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or anyone claiming under him, by misleading another to his prejudice, or to the prejudice of anyone claiming under him." Okla. Stat. tit. 15, § 59.

sought, they did in fact have full coverage to replace qualifying property damage, and Allstate simply denied their claim.

To cast doubt, however, is not to render a case fit for "summary determination" or to prove it "with complete certainty."[21] In this posture, the Court may not pre-try the underlying issues. Rather, all factual and legal questions must be resolved in favor of Plaintiffs. Here, open questions remain regarding the scope of the agent's role in procurement of the policy, whether Plaintiffs requested or were promised more extensive coverage than they received, the precise duties that may be imposed on insurance agents under Oklahoma law, the representations made by the agent, the existence and the agent's knowledge of a widespread scheme to shortchange insured parties when making claims for hail and wind damage, and more. Upon review of the record, the Court cannot say that Plaintiffs' claims against the agent have "no possibility" of succeeding. Further, this Court has already found remand appropriate in cases remarkably similar to this one.[22]

### *Conclusion*

For the reasons given above, the Court concludes that Allstate has not met the high burden required to demonstrate fraudulent joinder. Accordingly, the Court **GRANTS** Plaintiffs' Motion to Remand (Dkt. 17). The Court **DIRECTS** the Clerk to remand this action to the District Court of Oklahoma County.

---

[21] *Smoot*, 378 F.2d at 882 (quoting *Dodd*, 329 F.2d at 85).

[22] *See, e.g., Maher v. Allstate Fire and Casualty Co.*, Case No. CIV-25-81-PRW, 2025 WL 1909507 (W.D. Okla. July 10, 2025).

7

**IT IS SO ORDERED** this 25th day of February 2026.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE